## CIRCUIT COURT OF LOUDOUN COUNTY

Carter

v.

Carter

February 17, 1989

Case No. (Chancery) 10194

By JUDGE THOMAS D. HORNE

This cause came to be heard pursuant to a rule issued against the Defendant for his failure to convey certain real estate located outside the Commonwealth. Heretofore, the Court has directed the Defendant to make conveyance of such real estate in accordance with the provisions of Section 8.01-507, Code of Virginia. Mr. Carter has refused to convey the property.

As a result of his conviction of a criminal offense upon a trial by jury before this Court, Mr. Carter has been sentenced to, and is serving, a period of confinement in the Department of Corrections. Because of his confinement, the Court believes that it would be an idle gesture to impose the sanction provided for in § 8.01-508, that is, to have him "incarcerated until he makes such . . . conveyance . . . ." It is the further opinion of the Court that it does not have either the authority to appoint a special commissioner to convey the property or to modify the final monetary (equitable distribution) award. The Court believes that the Decree of the Court entered prior to July 1, 1988, was final and therefore not subject to the provisions of § 20-107.3, Code of Virginia, amended as of July 1, 1988. Rule 1:1, Rules of the Virginia Supreme Court.

Accordingly, the Court will deny the relief sought with leave to the Complainant to renew such motion upon Mr. Carter's release from confinement. This does not preclude Mrs. Carter to proceed in the case as with any other money judgment through an appropriate action initiated in New York. Mrs. Carter will, however, be entitled to reimbursement of her counsel fees and court costs spent in pursuing this collection effort in light of the Defendant's otherwise contumacious behavior.